**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Michael Erwin Moon, Appellant.

Appellate Case No. 2013-001793

_____

Appeal From Greenville County
Eugene C. Griffith, Jr., Circuit Court Judge

_____

Unpublished Opinion No. 2015-UP-151
Submitted January 1, 2015 – Filed March 18, 2015

_____

**AFFIRMED**

_____

Appellate Defender LaNelle Cantey DuRant, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General William M. Blitch, Jr., both of
Columbia; and Solicitor W. Walter Wilkins, III, of
Greenville, for Respondent.

_____

**PER CURIAM:** Michael Erwin Moon appeals his convictions for lewd act upon a minor and first-degree criminal sexual conduct with a minor, arguing the trial court

erred in admitting a DVD of the victim's forensic interview because (1) the interview did not provide the requisite particularized guarantees of trustworthiness, and (2) the method used by the forensic interviewer was unreliable.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the forensic interview provided the requisite particularized guarantees of trustworthiness:  *State v. Kromah*, 401 S.C. 340, 349, 737 S.E.2d 490, 494-95 (2013) ("The admission or exclusion of evidence is a matter addressed to the sound discretion of the trial court and its ruling will not be disturbed in the absence of a manifest abuse of discretion accompanied by probable prejudice.  An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."  (citation and internal quotation marks omitted)); S.C. Code Ann. § 17-23-175(A) (2014) (providing requirements for the admissibility of a child's out-of-court statement in a criminal proceeding); S.C. Code Ann. § 17-23-175(B) (2014) (providing factors for the trial court to consider in determining whether a child's statement provides particularized guarantees of trustworthiness).

2.  As to whether the method used by the forensic interviewer was unreliable: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) (stating an issue must be raised to and ruled upon by the trial court to be preserved for appellate review).

**AFFIRMED.**[1]

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.